**Persun v. Federal Kemper**

*C. Scott Waters,* for plaintiffs.
*Richard A. Gray,* for defendant.

BROWN, *J.,* May 13, 1993—Plaintiffs request reconsideration of this court's opinion and order of February 4, 1993, wherein the court dismissed plaintiffs' claim for attorney's fees, finding no basis for such fees under 75 Pa.C.S. §1798(b).

The court erred in applying the wrong statutory provision in regard to this issue of attorney's fees. 75 Pa.C.S. §1797(b) applies to the peer review procedure and the court must look to this section for guidance.

We direct our attention to section 1797(b)(4). A strict reading of this section would result in court appeals only when an insurance company refuses to pay medical bills and does not hire a P.R.O. to review. The insurance department issued regulations which provide that an insured or health care provider may appeal to the courts.

31 Pa. Code 69.52(m) states: "upon determination of a reconsideration by a P.R.O., the insurer, provider, or insured may appeal the determination to the courts."

Section 1797(b)(6) addresses relief awarded. When this section is read without reference to 31 Pa. Code §69.52(m), (b)(6) could be interpreted as not providing relief when an insurance company does pay a P.R.O. to review an insurance company's refusal to pay medical expenses. However, as discussed above, 31 Pa. Code §69.52(m) specifically provides that an insured or medical care provider may appeal to the courts even when an insurance

company does utilize peer review. Since there is a right to appeal when a peer review is utilized, the relief set forth in section 1797(b)(6) is appropriate.

We will reconsider our opinion of February 4, 1993, as to attorney's fees. In that opinion, we dismissed plaintiffs' claim for attorney's fees. At this time, we will reinstate plaintiffs' claim for attorney's fees in light of the above discussion.

Defendant requests reconsideration of the court's opinion as to Count II of plaintiffs' complaint for breach of contract.

In our opinion, we allowed plaintiffs to pursue a breach of contract cause of action. Defendant argues that the Peer Review Act is exclusive and an insured may not maintain a breach of contract cause of action. Defendant cites the recent decision of the Pennsylvania Superior Court in *Terminato v. Pa. National Insurance Co.,* 422 Pa. Super. 92, 618 A.2d 1032 (1993), in support of this contention. However, *Terminato* does not stand for the proposition that once in court, a plaintiff cannot pursue a breach of contract cause of action. We decline to reconsider this portion of our opinion.

## ORDER

And now, May 13, 1993, after reconsideration of the opinion and order of February 4, 1993, plaintiffs' claim for attorney's fees as set forth in the complaint will not be dismissed. Defendant's preliminary objection to the claim for attorney's fees is denied. The court will not reconsider the portion of the opinion pertaining to the plaintiffs' breach of contract cause of action.